### VIRGIL PRESLEY BEARD V. THE STATE.

#### No. 5758. Decided April 7, 1920.

**1.—Robbery—Sufficiency of the Evidence.**

Where, upon trial of robbery by the use of firearms, the evidence fully supported the conviction, there was no reversible error.

**2.—Same—Continuance—Want of Diligence.**

Where, the application for continuance showed a want of diligence the same was correctly overruled.

Appeal from the District Court of Hunt. Tried below before the Honorable Wm. Pierson:

Appeal from a conviction of robbery; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*Porter & Porter*, for the appellant.

*Alvin M. Owsley*, Assistant Attorney General for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery by the use of firearms, and allotted five years in the penitentiary.

The evidence fully supports the conviction. Briefly, the statement of facts shows that the assaulted party, Jim Johnson, representing Mr. Darrough, a farmer of Kaufman County, went to Dallas seeking cotton pickers, and thence to Hillsboro on a similar mission. While at Hillsboro he engaged appellant and another negro to accompany him to Kaufman County as cotton pickers. He and appellant and two other negroes, one known as "Big Boy" and the other as "Red," en-

gaged in a game in a two story negro hotel. Johnson lost two dollars, and loaned appellant two dollars. This game it seems lasted, so far as Johnson and appellant were concerned, about an hour or such matter. That they took the train then for Greenville; that Big Boy also accompanied them. Johnson let ''Big Boy'' have five dollars, and when they reached Dallas ''Big Boy'' left the train stating he would go to Kaufman on the following morning. Both Big Boy and appellant claimed that their wives and families resided in Greenville; that appellant and Johnson went on to Greenville, from which point they were to go to Kaufman the following morning. Appellant for reasons stated by him got off the train not at the usual place but at a different place before reaching the depot, and induced Johnson to get off with him; that they went through an alley in an out of the way part of town, and while in this alley appellant turned upon Johnson with a six-shooter and demanded his money, which was seventy-one dollars. Within a very short time on the same night the officers arrested appellant and took from him sixty-six dollars and a six-shooter. When appellant took the seventy-one dollars from Johnson he let him have five dollars for his expenses and transportation until he could reach Kaufman County the following day. This is substantially the case

Appellant asked for process to Corsicana in Navarro County for his mother and brother as witnesses to testify to his good character, and also process to Hill County for ''Big Boy'' and ''Red.'' By Big Boy and Red he expected to prove that Johnson had engaged them in a game and lost quite a sum of money, and that Big Boy won it. A further description of these witnesses is not given, nor were the other parties in the game sought, or the keeper of the hotel. There is an intimation in the application for continuance that the owner of the hotel was aware of the game. The question of suspended sentence did not and could not arise in a case of this sort. The process for his mother and brother was not executed. The application is too general in its terms and too indefinite as to witnesses and residences, and the diligence was not in accord with the law. There was no service on them. He recites statements in his application which show that Big Boy went to Dallas, and claimed his residence to be in Hunt County at Greenville. Where ''Red'' lived is not shown or stated outside of the fact it was at Hillsboro where the game was played. The fact is, this application does not present itself so as to require serious consideration. If appellant lived at Greenville as he told the witness and victim Johnson, and his reputation was good, it would have been an easy matter to have obtained character witnesses if such proof could be made, but there is nothing to show that his mother or brother lived in Navarro County at Corsicana outside of the fact that he issued process to that county.

Believing there is no error in the record the judgment will be affirmed.

*Affirmed.*